IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LORENZO WHITAKER** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **R. PATRICK LINK ESQ.** | : | **NO. 16-3757** |

<u>MEMORANDUM</u>

**GOLDBERG, J.**                                                                                      **JULY 15, 2016**

  Plaintiff Lorenzo Whitaker, a prisoner incarcerated at the State Correctional Institution at Bellefonte, brings this action pursuant to 42 U.S.C. § 1983, against his defense attorney, R. Patrick Link. Plaintiff seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

  Plaintiff alleges that his defense attorney "failed to provide an adequate defense or present any witnesses or evidence on the plaintiff's behalf" at trial. (Compl. ¶ II.D.) He also alleges that his attorney unnecessarily delayed his trial and/or failed to object to the prosecution's requests for continuances, and is refusing to provide plaintiff and his new attorneys with documents for plaintiff's appeal. Plaintiff seeks an order requiring the defendant to produce those documents and money damages.

  The Court grants plaintiff leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[1] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the

---

[1] However, as plaintiff is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

1

same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted). Accordingly, plaintiff cannot state a claim against his attorney under § 1983 because his attorney is not a state actor.

Furthermore, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Here, plaintiff seeks damages in part due to his allegedly unconstitutional conviction and imprisonment. As his convictions have not been reversed or otherwise invalidated,

2

plaintiff's claims based on his alleged unconstitutional conviction and/or imprisonment are not cognizable in a § 1983 action.

For the foregoing reasons, the Court will dismiss plaintiff's complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). As plaintiff cannot cure the deficiencies in his claims, he will not be given leave to amend. An appropriate order follows, which shall be docketed separately.